FILED
2012 Jun-25  PM 04:59
U.S. DISTRICT COURT
N.D. OF ALABAMA


## IN THE UNITED STATES COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **KATRENIA TIPPINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | **1:11-cv-03836-KOB** |
| **HONDA MANUFACTURING OF** | ) | |
| **ALABAMA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
## OF DEFENDANT HONDA MANUFACTURING OF ALABAMA, LLC

---

James C. Pennington
Lisa Karen Atkins
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, AL  35203-2118
Telephone:  205.328.1900
Facsimile:  205.328.6000
james.pennington@odnss.com
lisa.atkins@odnss.com

Counsel for Defendant, Honda
Manufacturing of Alabama, LLC

# TABLE OF CONTENTS

I.      Introduction.................................................................................1

II.     Statement of Undisputed Material Facts .......................................2

III.    Legal Standard for Summary Judgment .........................................6

IV.     Argument ....................................................................................9

        A.      For purposes of the FMLA, treatment does not equal incapacity.
                Therefore, the record does not establish that the Plaintiff had more
                than three, consecutive calendar days of incapacity...............................9

        B.      Even if the Court decides that for purposes of the FMLA
                "treatment" is the same thing as "incapacity," as a matter
                of law, the Plaintiff cannot combine a nonadjacent date of
                treatment with her three consecutive days of incapacity to
                establish more than three, consecutive, calendar days
                of incapacity ........................................................................... 16

        C.      The Plaintiff's absence on September 28, 2009 cannot be
                "stacked" with her absences on October 21-23, 2009 to
                satisfy the FMLA's requirement of more than three,
                consecutive calendar days' incapacity........................................ 20

V.      Conclusion ................................................................. 21

The Defendant, Honda Manufacturing of Alabama, LLC, respectfully states as follows in support of its motion for summary judgment in the above cause:

## I.    Introduction

With the permission of the court, the parties, Defendant Honda Manufacturing of Alabama, LLC, and Plaintiff Katrenia Tippins have submitted dispositive motions on a single issue: whether the Plaintiff can demonstrate *incapacity* for more than three, consecutive calendar days as required for benefits under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. The Defendant's position is that the Plaintiff presents proof of incapacity for three days and no more. The Plaintiff's position is that by "stacking" a nonadjacent date of *treatment* with her dates of *incapacity*, she can satisfy the FMLA's "more than three, consecutive calendar days" requirement for incapacity. The material facts are not in dispute:  Plaintiff submitted three treatment provider certifications, all of which certified three days of incapacity related to a tooth extraction. One of the forms also listed an office visit the week before her dates of incapacity, but did not identify this as a period of incapacity.

As Defendant will demonstrate, when viewing the evidence in the light most favorable to the Plaintiff, there is no genuine issue with respect to any material fact, and the Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## II.    Statement of Undisputed Material Facts

The facts to which the parties have stipulated are as follows:   Katrenia Tippins (hereinafter "Plaintiff") was hired by Honda Manufacturing of Alabama, LLC (hereinafter "Defendant"), on May 10, 2004 (Stipulated Fact #1). On October 15, 2009, she submitted a request for Leave of Absence and completed a medical release authorizing Dr. Fred Atwell to provide information concerning her medical condition to the Defendant (Stipulated Fact #5). On the Leave of Absence form, Plaintiff listed the following medical condition: "Infection and swelling of the face, nose, ears, lips and chin and eye (Stipulated Fact # 6)."

On October 15, 2009, at 3:00 p.m., Plaintiff was seen by Dr. Fred Atwell, an oral surgeon, in Anniston, Alabama, for a dental consult.  Dr. Atwell scheduled a tooth extraction on October 21, 2009 (Stipulated Fact #8).  On October 21, 2009 at 7:45 a.m., he extracted Plaintiff's tooth  (Stipulated Fact # 10). She experienced no post-operative complications (Stipulated Fact # 11).

On October 26, 2009, HMA received a Certification of Health Care Provider signed by Dr. Atwell (Stipulated Fact # 14). Dr. Atwell stated that Plaintiff was incapacitated for 3 days:   October 21, October 22, and October 23, 2009 (Stipulated Fact #12). Dr. Atwell released her to return to regular daily activities on October 24, 2009 (Stipulated Fact # 13). The form also verified treatment on October 21, 2009, the day Plaintiff's tooth was pulled (Stipulated Facts # 15, 10).

Question #3 of the form read: "If the health condition qualifies as a 'Serious Health Condition' as defined by the FMLA, check and complete ONE of the following. If condition DOES NOT meet the criteria for any of these, go to question #4 (Stipulated Fact # 16)." Dr. Atwell left question #3 blank (Stipulated Fact # 17), documenting his belief that the Plaintiff's condition did not meet the criteria for a serious health condition, and completed question #4 as follows:

> If the patient does not qualify for a "Serious Health Condition" as described in question #3, but there is a period of incapacity, complete the following:
>
> •    Begin date of incapacity: **10-21-09**.
> •    Date patient is able to return to normal activities: **10-24-09**.
> •    What are actual/expected dates of treatment: (i.e., actual office appointment) **10-21-09**.

(Stipulated Fact #18; Ex. A, Joint Statement of Stipulated Facts).

After receiving Dr. Atwell's certification form, on October 26, 2009, the Defendant notified the Plaintiff that Dr. Atwell had indicated that she was "incapacitated but that it was not a serious health condition (Stipulated Fact #19)." Plaintiff was asked to "have physician correct certification and initial changes (Stipulated Fact #19)." On October 29, 2009, the Defendant received a second Certification of Health Care Provider (Stipulated Fact #20; Ex. B, Joint Statement of Stipulated Facts). The form was initialed and dated 10/28/09 (Stipulated Fact # 20). The second form added the words "abscess tooth #4 (Stipulated Fact # 21)."

Question #3 of the second form read: "If the health condition qualifies as a "Serious Health Condition" as defined by the FMLA, check and complete ONE of the following.  If condition DOES NOT meet the criteria for any of these, go to question #4 (Stipulated Fact #22)." Like the first, the second certification form left this question blank (Stipulated Fact #23) and answered question #4 as follows:

> If the patient does not qualify for a 'Serious Health Condition' as described in question #3, but there is a period of incapacity, complete the following:
>
> •    Begin date of incapacity: **10-21-09**.
> •    Date patient is able to return to normal activities: **10-24-09**.
> •    What are actual/expected dates of treatment: (i.e., actual office appointment) **10-21-09**.

(Stipulated Fact #24). Thus, the second certification form also stated in response to question #3 that Plaintiff did not have a serious health condition.

On October 26, 2009, following receipt of the second certification form, the Defendant again notified Plaintiff that "The doctor is indicating that you were incapacitated but that it was not a serious health condition. Please have physician correct certification and initial changes (Stipulated Fact #25)." HMA advised Plaintiff: "Clarification needed. The physician needs to complete the Certification of Health Care Provider in order to certify condition as a serious health condition and FMLA (Stipulated Fact #25)."

On November 2, 2009, the Defendant called Plaintiff to remind her that November 2, 2009 was her deadline for providing leave of absence documentation

4

(Stipulated Fact #26).  Plaintiff was reminded that her doctor had indicated that she was incapacitated but did not have a serious health condition (Stipulated Fact #26). Plaintiff was asked again to have her physician "correct [the] certification and initial changes (Stipulated Fact #26)."

On November 3, 2009,[1]  the Defendant received a third certification form that differed from the previous versions in two respects: first, it listed treatment with an antibiotic (amoxicillin) and an analgesic (lorcet), and second, it listed an additional day's treatment on October 15, 2009 (Stipulated Facts # 29-30, 32). The third form answered question #3 (whether Plaintiff's health condition qualified as a "Serious Health Condition") as follows:

"Begin date of incapacity: **10/21/09**. Able to return to normal activities:

**10/24/09**."

(Stipulated Fact #31). The third form also listed prescription treatment, reading:

If a regimen of continuing treatment by the patient (under your supervision) is required, indicate by checking the appropriate box:

*Prescription*   **X** Yes  ☐ No  and/or *Physical Therapy*  ☐ Yes **X** No

 (Stipulated Fact #33). Under "prescription," the form read: "amoxicillin 500 mg #30 Lorcet Plus #20 (Stipulated Fact #33)." The third form listed the following response to question #4:

---

[1]   Assuming the Plaintiff did not foresee the need for leave, she was entitled to have until November 1, 2009, a minimum of fifteen days from October 15, 2009, to comply. *See*  C.F.R. 825.305(b); 29 C.F.R. 825.311(b).

If the patient does not qualify for a 'Serious Health Condition' as described in question #3, but there is a period of incapacity, complete the following:

- Begin date of incapacity: **10-21-09**.
- Date patient is able to return to normal activities: **10-24-09**.
- What are actual/expected dates of treatment: (i.e., actual office appointment) **10-21-09**.

(Stipulated Fact #34). In response to question #3, the third form stated that the Plaintiff did have a serious health condition (Ex. C). In response to question #4, the third form stated that the Plaintiff did not have a serious health condition (Ex. C). Thus, the third certification form stated that the Plaintiff both did and did not have a serious health condition (Ex. C). The new writing on the form also was not signed or initialed.

Like its predecessors, third form listed only three days of incapacity, October 21, 2009 through October 23, 2009, and released Plaintiff to return to regular daily activities on October 24, 2009 (Stipulated Fact #37). Based on this information, the Defendant denied FMLA leave, and the Plaintiff subsequently filed suit.

## III.   Legal Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure authorizes entry of summary judgment when the pleadings and supporting materials demonstrate that there is no genuine issue as to any material fact and that the moving party is

entitled to summary judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to her case, and on which the plaintiff will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S. Ct. 2548 (1986). A plaintiff cannot defeat a properly supported motion for summary judgment without an affirmative presentation of specific facts showing a genuine issue, and may not merely rely on the general allegations of the pleadings. *See Anderson*, 477 U.S. at 248. A mere "scintilla" of evidence supporting the plaintiff's position is not enough to survive summary judgment; the plaintiff must produce evidence so the trier of fact could reasonably find for her. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 242).

A dispute is genuine if the evidence is such that the factual issues may reasonably be resolved in favor of the non-moving party. *Anderson*, 477 U.S. at 248. However, Rule 56 "[b]y its very terms . . . provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*. The substantive law identifies which facts are material; material facts are those that might affect the outcome of the suit under the governing law. *Id*. An issue is not genuine if it is unsupported by evidence, or if

it is created by evidence that is "merely colorable" or is "not significantly probative." *Id*. Similarly, a fact is not material unless it is identified by controlling substantive law as an essential element of the nonmoving party's case. *Id*.

Where neither party can prove either the affirmative or the negative of an essential element of a claim, the movant meets its burden on summary judgment by showing that the opposing party will not be able to meet its burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986). In *Celotex*, the Supreme Court interpreted Federal Rule of Civil Procedure 56(c) to require the moving party to demonstrate that the nonmoving party lacks evidence to support an essential element of its claim. Thus, the movant's burden is "discharged by showing" -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id*.

The parties have submitted a joint stipulation of facts and agree that, for purposes of their cross motions, there are no issues of material fact and this matter is ripe for judgment as a matter of law. The Defendant asserts that, in this case, it is precluded from liability because the Plaintiff did not provide a certification of treatment provider documenting more than three, consecutive calendar days of incapacity as required for benefits under the FMLA. Absent liability, the Defendant is entitled to judgment as a matter of law and dismissal of this action.

## IV.    Argument

The FMLA entitles a covered employee to take up to twelve weeks of leave in a twelve-month period for the birth or adoption of a child, or the "serious health condition" of the employee or the employee's child, spouse, or parent. 29 U.S.C. § 2612(a)(1). To protect this right, the FMLA prohibits an employer from interfering with an employee's attempt to exercise her leave right or retaliating against an employee for opposing practices made unlawful under the FMLA. 29 U.S.C. § 2615. If an employer engages in these prohibited acts, the FMLA allows "any one or more employees" to bring a suit for damages or equitable relief. 29 U.S.C. § 2617(a)(2).

The Defendant's argument is simple: first, for purposes of the FMLA, *treatment* does not equal *incapacity*. Second, even if treatment does equal incapacity, nonadjacent, nonconsecutive dates of treatment cannot be combined with consecutive days of incapacity to satisfy the FMLA's "more than three, consecutive calendar days" of incapacity requirement.

### A.    For purposes of the FMLA, treatment does not equal incapacity. Therefore, the record does not establish that the Plaintiff had more than three, consecutive calendar days of incapacity.

The FMLA provides leave for a "serious health condition" that makes an eligible employee unable to perform the functions of her position. 29 U.S.C. §

9

2612(a)(1)(D). The FMLA defines a "serious health condition" as "an illness, injury, impairment, or physical or mental condition" that involves:

(1) Inpatient care (i.e., an overnight stay) in a hospital, hospice, or residential medical care facility,[2] including any period of incapacity (for purposes of this section, defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom), or any subsequent treatment in connection with such inpatient care; or

(2) Continuing treatment by a health care provider. A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:

(i) A period of incapacity (i.e., inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom) of more than three consecutive calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:

(A) Treatment two or more times by a health care provider, by a nurse or physician's assistant under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or

(B) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.

29 C.F.R. § 825.114(a)(1)-(2)(i). *See also Russell v. North Broward Hospital*, 346 F.3d 1335 (11th Cir. 2003).

---

[2]    The Department of Labor defines inpatient care as follows: "[i]npatient care means an overnight stay in a hospital, hospice, or residential care facility, including any period of incapacity . . . , or any subsequent treatment in connection with such inpatient care." 29 C.F.R. § 825.114.

Due to a toothache, Plaintiff was seen by Dr. Fred Atwell in his office on October 15, 2009 at 3:00 p.m. for a consultation (Stipulated Fact #8). Dr. Atwell scheduled a tooth extraction in his office on October 21, 2009 (Stipulated Fact #8). On October 21, 2009, Dr. Atwell pulled Plaintiff's tooth (Stipulated Fact #10). The extraction had no post-operative complications (Stipulated Fact #11). Dr. Atwell excused Plaintiff from work for three days: October 21 (the date of the extraction),[3] October 22, and October 23, 2009 (Stipulated Facts #12, 15, 24 and 31). Dr. Atwell released the Plaintiff to return to regular daily activities on October 24, 2009 (Stipulated Facts #13, 15, 24 and 31).

On October 15, 2009, the date of her initial consultation with Dr. Atwell, Plaintiff submitted a request for Leave of Absence listing the following medical condition: "Infection and swelling of the face, nose, ears, lips and chin and eye (Stipulated Facts #5-6)." Although the form did not identify a dental problem, five days after the extraction, on October 26, 2009, the Defendant received a Certification of Health Care Provider form signed by Dr. Atwell (Stipulated Fact #14). The form verified the Plaintiff's tooth extraction on October 21, 2009, incapacitation for three days (October 21-23, 2009), and her release to regular daily activities on October 24, 2009 (Stipulated Fact #15). According to the form completed by Dr. Atwell, Plaintiff's dental treatment did not qualify as a "serious

---

[3]  Stipulated Fact #10.

health condition" as defined by the FMLA (Stipulated Facts #16-19). Dr. Atwell did not list October 15, 2009 as a day of incapacity.  Dr. Atwell completed the form as follows:

> If the patient does not qualify for a "Serious Health Condition" as described in question #3, but there is a period of incapacity, complete the following:
>
> • Begin date of incapacity:  **10-21-09**.
> • Date patient is able to return to normal activities: **10-24-09**.
> • What are actual/expected dates of treatment: (i.e., actual office appointment) **10-21-09**.

(Stipulated fact #18). On October 26, 2009, after reviewing Dr. Atwell's form, the Defendant advised Plaintiff that Dr. Atwell had indicated that she was "incapacitated but that it was not a serious health condition (Stipulated Fact #19)." Plaintiff was asked to "have [a] physician correct certification and initial changes (Stipulated Fact #19)."

On October 29, 2009, the Defendant received a second Certification of Health Care Provider dated October 28, 2009 (Stipulated Fact #20). The form added "abscessed tooth #4," but again did not certify a serious health condition (Stipulated Facts #21, 23-24). Like the first, the second form certified three days of incapacity – October 21 through 23, 2009, and not October 15, 2009 – and a release date of October 24, 2009 (Stipulated Facts #23-24). Following its receipt of the form, the Defendant again advised Plaintiff that Dr. Atwell had indicated that she was incapacitated but that it was not due to a serious health condition

(Stipulated Fact #25). The Defendant told the Plaintiff: "Clarification needed. The physician needs to . . . certify serious health condition and FMLA (Stipulated Fact #25)."

On November 2, 2009, the Defendant called the Plaintiff to remind her that Dr. Atwell had stated that she was incapacitated but it was not a serious health condition (Stipulated Fact #26). The Defendant again asked the Plaintiff to have her position "correct [the] certification and initial changes (Stipulated Fact #26). On November 3, 2009, the Defendant received a third Certification of Health Care Provider (Stipulated Fact #31) that completed question #3 (whether Plaintiff's health condition qualified as a "Serious Health Condition") as follows: "Begin date of incapacity: **10/21/09**. Able to return to normal activities: **10/24/09**." The third form added an appointment on October 15, 2009 (Stipulated Facts #31-32), and prescriptions for an antibiotic and an analgesic (Stipulated Fact #33).

Thus, all three Certification of Health Care Provider forms verify the same dates of incapacity: October 21, 2009, October 22, 2009, and October 23, 2009 (Exs. A-C). They also verify the same release date for the Plaintiff to return to regular daily activity: October 24, 2009. None of the forms list October 15, 2009 as a date of incapacity (*See* Exs. A-C).  As such the forms conclusively establish exactly three calendar days of incapacity – October 21-23 – which does not satisfy the FMLA's requirement of *more than* three, consecutive calendar days. This

means the Health Care Provider Certification forms submitted to the Defendant establish that the Plaintiff was not suffering from a serious health condition as defined by 29 C.F.R. § 825.114(a)(1).

The Plaintiff argues that her 3:00 p.m. dental appointment on October 15, 2009 establishes incapacity. She seeks to combine this nonadjacent treatment date with the three consecutive days certified by her treatment provider to satisfy the FMLA's "more than three, consecutive calendar day" requirement. However, neither the law nor the facts supports this approach.  First, none of the Plaintiff's certification forms list October 15, 2009 as a date of *incapacity*. On three separate occasions, medical certifications that did not identify October 15, 2009 as a date of incapacity were submitted to the Defendant (Exs. A-C). One of the three forms lists October 15, 2009 as a date of treatment (Ex. C).  The other two do not list this date at all (*see* Exs. A and B). There is no basis in the record for concluding that Plaintiff was incapacitated on this date.

Second, neither the FMLA nor its regulatory and compliance agency, the Department of Labor, equates "treatment" with "incapacity."  Under the FMLA, "incapacity" means inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore or recovery therefrom." 29 C.F.R. § 825.113(b). "Treatment" means "an examination to determine if a serious health condition exists, evaluations of the condition, and

actual treatment by the health care provider to resolve or alleviate the condition." *DOL Wage and Hour Division (WHD) Opinion Letter FMLA-87*, issued December 12, 1996 (Attach. #1). These terms are not synonymous.

Further, having a tooth pulled not the type of serious health condition intended by Congress to be covered under the FMLA. As stated by the Department of Labor, "The [FMLA's] final regulations provide examples, in section 825.114(c), of conditions that ordinarily, unless complications arise, would not meet the regulatory definition of a serious health condition and would not, therefore, qualify for FMLA leave: the common cold, the flu, ear aches, upset stomach, minor ulcers, headaches other than migraine, routine dental or orthodontia problems, periodontal disease, etc. Ordinarily, these health conditions would not meet the definition in 825.114(a)(2), as they would not be expected to last for more than three consecutive calendar days and require continuing treatment by a health care provider as defined in the regulations." *DOL Wage and Hour Division (WHD) Opinion Letter FMLA-87*, issued December 12, 1996 (Attach. #1) (emphasis added). Notably, the Plaintiff's case was not one in which complications arose (Stipulated fact #11: "The procedure had no post-operative complications"). As such, under the DOL's guidance, she did not satisfy the requirements for a serious health condition.

Despite three separate requests and detailed explanations of the additional information that was needed, the Defendant was not presented with information establishing that the Plaintiff's tooth extraction was a serious medical condition. To the contrary, the certifications provided establish that the leave was not FMLA-qualifying.  Once an employee submits a certification establishing that leave was non-qualifying, the employer must not designate it as FMLA leave. *Stoops v. One Call Communications, Inc.,* 141 F.3d 309 (7th Cir. 1998).  As stated in *Stoops*:

> Where an employer properly requests a physician's certification under the FMLA and that certification indicates the employee is not entitled to FMLA leave, the employer does not violate the FMLA by relying upon that certification in the absence of some overriding medical evidence. And that medical evidence should come from the employee in time to save his job, not during a subsequent law suit.

*Stoops*, 141 F.3d at1314.

The Defendant received medical certifications that documented exactly three days of incapacity. Because this is not what the FMLA requires, the Defendant is entitled to judgment in its favor as a matter of law.

**B.     Even if the Court decides that for purposes of the FMLA "treatment" is the same thing as "incapacity," as a matter of law, the Plaintiff cannot combine a nonadjacent date of treatment with her three consecutive days of incapacity to establish more than three, consecutive, calendar days of incapacity.**

Under the FMLA, a serious health condition must involve a period of incapacity of "more than three, consecutive calendar days." 29 C.F.R. §

825.114(a)(2)(I). "[N]ot all leave requested or taken for medical reasons qualifies for the FMLA's protections. For this reason, employers have a statutory right to require an employee requesting FMLA leave to obtain certification that attests to the employee's eligibility for such leave from a health care provider." *Cash v. Smith*, 231 F.3d 1301, 1307 (11th Cir. 2000). Consistent with the Act, the Defendant asked the Plaintiff to produce a supporting medical certification of more than three, consecutive calendar days' incapacity. The Plaintiff did not provide the Defendant with a certification that her medical condition met the statutory standard. Cash, 231 F.3d at 1307. Instead, the certifications the Plaintiff provided verified three days of incapacity – October 21-23, 2009 – and one listed an additional treatment date of October 15, 2009 (Exs. A-C)

The Plaintiff argues that if these dates can be combined, they will total more than three consecutive calendar days. However, the Plaintiff cannot "stack" her nonadjacent, nonconsecutive treatment on October 15, 2009 with her three consecutive days of incapacity on October 21-23, 2009 to satisfy the FMLA's "more than three, consecutive calendar days" requirement. *Russell v. North Broward Hospital*, 346 F.3d 1335 (11th Cir. 2003). In *Russell*, as a result of a fall at work, the plaintiff (Russell) visited a health care provider multiple times and, beginning May 31, 2000, missed all or part of the next ten days. Russell never missed more than consecutive 72 hours, however. She was terminated for

excessive absenteeism and sued her employer under the FMLA, arguing that her absences in May and June were covered by the FMLA. A jury ruled against her, finding that she had not met the FMLA's definition of a "serious health condition." On appeal, Russell asked the Eleventh Circuit to find that partial-day absences count toward the required "more than three consecutive calendar days" of absence. The Court framed the issue as follows:

> The issue the facts of this case present about the meaning of the regulatory definition is whether the only days of incapacity that count are those in which the employee is incapacitated all day long. If so, the leave that Russell took fails to meet the requirements of a "serious health condition involving continuing treatment," as defined in the regulation, because she was never incapacitated for any continuous period of more than 72 hours.

*Id*. at 1337-1338 (emphasis added).

The Eleventh Circuit concluded that "'more than three consecutive calendar days' of incapacity means a period of continuous incapacity extending more than 72 hours," that the definition of "calendar day" is a 24-hour period, and that the FMLA's regulations require three consecutive, full days of incapacity with at least an additional partial day of incapacity *directly before or after that. Id*.(emphasis added). The Court concluded that "'more than three consecutive calendar days' of incapacity means a period of continuous incapacity extending more than 72 hours." *Id*. at 1344.

Using this interpretation of "more than three, consecutive calendar days," the certifications provided in support of the Plaintiff's FMLA leave demonstrate that she did not meet the statutory standard. She did not stay in the hospital overnight, which means her treatment does not qualify as a serious medical condition under 29 C.F.R. § 825.114(a)(1). Her tooth extraction, prescriptions, and subsequent recovery do not qualify under "continuing treatment" because she provides no evidence that she endured a period of incapacity of "more than three, consecutive calendar days." 29 C.F.R. § 825.114.

The DOL regulation upon which *Russell* is based, 29 C.F.R. § 825.114, has been specifically held by the Eleventh Circuit to be valid. *Russell* at 1346 ("the Department of Labor's regulation requiring that an employee be incapacitated for more than three consecutive calendar days in order to have a qualifying 'serious health condition,' is valid"). *Russell* at 1346.

Based upon the information provided to the Defendant, there is not sufficient evidence to conclude that the Plaintiff's absences were certified by a health care provider as eligible for leave under the FMLA. As such, there is no genuine issue of material fact concerning whether "the medical leave that she did take was protected under the FMLA," *Cash*, 231 F.3d at 1307, summary judgment should be granted as to her FMLA claim, and the Defendant is entitled to judgment in its favor as a matter of law.

**C.    The Plaintiff's absence on September 28, 2009 cannot be "stacked" with her absences on October 21-23, 2009 to satisfy the FMLA's requirement of more than three, consecutive calendar days' incapacity.**

As a final matter, the Plaintiff's absence on September 28, 2009 cannot be combined with her three consecutive calendar days of incapacity to satisfy the FMLA's "more than three consecutive calendar days" requirement. The facts of record are that on September 28, 2009, Plaintiff "clocked out" one hour early (Stipulated Fact #41). On October 7, 2009, she identified the early clock out as related to medical treatment (Stipulated Fact #42). However, the September 28 absence is not listed in any of the three certifications submitted to the Defendant related to the Plaintiff's tooth (*see* Exs. A-C), and the record is devoid of evidence that it was related to that Plaintiff's tooth extraction.

In addition, September 28 is also a nonconsecutive, nonadjacent date that cannot be combined with the Plaintiff's three, consecutive calendar days of incapacity to establish the "more than three, consecutive calendar days" of incapacity for the reasons stated in section C, above. *Russell* at 1346. As such, the Defendant is entitled to judgment in its favor as a matter of law on the issue of whether the Plaintiff has established eligibility for leave under the FMLA.

## V.     Conclusion

Based on the foregoing, the Defendant respectfully requests summary judgment in its favor and a ruling by the court that the Plaintiff did not satisfy the FMLA's requirement that she demonstrate more than three, consecutive calendar days of incapacity related to her tooth extraction. As such, she was not entitled to FMLA leave, and, that being the case, judgment as a matter of law should be granted in favor of the defendant, and all claims in this action should be dismissed.

Respectfully submitted,


 /s/  Lisa Karen Atkins
James C. Pennington
Lisa Karen Atkins
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, AL  35203-2118
Telephone:  205.328.1900
Facsimile:  205.328.6000
james.pennington@odnss.com
lisa.atkins@ogletreedeakins.com

Counsel for Defendant, Honda Manufacturing of Alabama, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 25, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including the following:

John T. Robertson, IV
HENSLEE, ROBERTSON, STRAWN, & SULLIVAN, L.L.C.
754 Chestnut Street
Post Office Box 246
Gadsden, Alabama 35902-0246
jrobertson@hrskllc.com

/s/Lisa Karen Atkins
Of Counsel