IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KATRENIA TIPPINS, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] 1:11-cv-3836-KOB |
| | ] |
| HONDA MANUFACTURING OF ALABAMA, LLC, | ] |
| | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

This Family Medical Leave Act case comes before the court on cross motions for summary judgment (Plaintiff's Motion for Partial Summary Judgment, doc. 14; Defendant's Motion for Summary Judgment, doc.15).  The Plaintiff contends she was entitled to Family Medical Leave Act (FMLA) benefits for absences in the fall of 2009 which Honda Manufacturing of Alabama (HMA) wrongfully denied her, causing her to accumulate attendance points and to thereby be wrongfully terminated.  HMA contends she did not qualify for FMLA benefits.  The parties stipulated to the material facts.

The Plaintiff argues that she met the definition of "serious health condition" that involved "continuing treatment," for which her absences from work on October 15, 21, 22 and 23, 2009, should have been protected.  Central to her contention are several definitions of key terms used in the FMLA regulations; the particular issue is whether non-consecutive treatment dates can be "stacked" with periods of incapacity to satisfy the FMLA's requirement of a "period of incapacity . . . of *more than three consecutive, full calendar days*" to qualify as a serious health condition. For the reasons stated below, Plaintiff's argument fails as a matter of law; therefore, her Motion for Partial Summary Judgment is due to be denied, and Defendant's Motion for Summary

Judgment is due to be granted.

Facts

As noted, the parties have stipulated to the following facts.

Katrenia Tippins was hired by HMA on May 10, 2004. On September 28, 2009, Ms. Tippins "clocked out" one hour early. On October 7, 2009, Ms. Tippins identified the September 28, 2009 early clock out as being related to medical treatment. HMA denied approved leave for September 28, 2009 because HMA policy required an employee to request leave approval within 4 days after any absence from work. Ms. Tippins waited 9 days, making her request for leave untimely under HMA policy.

On October 15, 2009, Ms. Tippins submitted a request for Leave of Absence and completed a medical release authorizing Dr. Fred Atwell, an oral surgeon in Anniston, Alabama, to provide information concerning her medical condition to HMA. On the October 15, 2009 Leave of Absence form, Ms. Tippins listed the following medical condition: "Infection and swelling of the face, nose, ears, lips and chin and eye." A statement at the top of the form read: "It is the associate's responsibility to ensure all documentation is completed fully and returned to [HMA] within twenty-one (21) calendar days. Do not assume that your Health Care provider will return these documents by the due date." On October 15, 2009, at 3:00 p.m., Dr. Atwell saw Ms. Tippins for a dental consultation. Dr. Atwell scheduled a tooth extraction for October 21, 2009. Ms. Tippins did not report to work on October 15, 2009 and, according to HMA's records, was absent all day.

On October 21, 2009 at 7:45 a.m., Dr. Atwell extracted Ms. Tippins's tooth. The procedure had no post-operative complications. Dr. Atwell listed Ms. Tippins as incapacitated for 3 days: October 21, October 22, and October 23, 2009. Dr. Atwell released her to return to

regular daily activities on October 24, 2009.

On October 26, 2009, HMA received a <u>Certification of Health Care Provider</u> signed by Dr. Atwell. The form verified the Ms. Tippins's incapacitation for 3 days, October 21-23, 2009; her release to regular activities on October 24, 2009; and in-person treatment on October 21, 2009. Question #3 of the form read: "If the health condition qualifies as a 'Serious Health Condition' as defined by the FMLA, check and complete ONE of the following. If condition DOES NOT meet the criteria for any of these, go to question #4." Dr. Atwell left question #3 blank.

Dr. Atwell completed question #4 as follows:

> If the patient does not qualify for a "Serious Health Condition" as described in question #3, but there is a period of incapacity, complete the following:
>
> • Begin date of incapacity: **10-21-09**.
> • Date patient is able to return to normal activities: **10-24-09**.
> • What are actual/expected dates of treatment: (i.e., actual office appointment) **10-21-09**.

On October 26, 2009, after reviewing Dr. Atwell's form, HMA advised Ms. Tippins that Dr. Atwell had indicated that she was "incapacitated but that it was not a serious health condition." Ms. Tippins was asked to "have physician correct certification and initial changes."

On October 29, 2009, HMA received an amended <u>Certification of Health Care Provider</u>. The Amended Form was initialed by Dr. Atwell and dated 10/28/09. The Amended Form added the words "abscess tooth #4." Question #3 of the Amended Form read: "If the health condition qualifies as a 'Serious Health Condition' as defined by the FMLA, check and complete ONE of the following. If condition DOES NOT meet the criteria for any of these, go to question #4." The Amended Form left question #3 blank. The Amended Form responded to question #4 as follows:

> If the patient does not qualify for a 'Serious Health Condition' as

3

    described in question #3, but there is a period of incapacity,
    complete the following:

    •  Begin date of incapacity: **10-21-09**.
    •  Date patient is able to return to normal activities: **10-24-09**.
    •  What are actual/expected dates of treatment: (i.e., actual
      office appointment) **10-21-09**.

  On October 29, 2009, following receipt of the Amended Form, HMA again notified Ms. Tippins that "The doctor is indicating that you were incapacitated but that it was not [a] serious health condition. Please have physician correct certification and initial changes." HMA advised Ms. Tippins: "Clarification needed. The physician needs to complete the <u>Certification of Health Care Provider</u> in order to certify condition as a serious health condition and FMLA. "

  On November 2, 2009, HMA called Ms. Tippins to remind her that November 2, 2009 was her deadline for providing leave of absence documentation and told her that her doctor had indicated that she was incapacitated, but that it was not a serious health condition. Ms. Tippins was asked to have her physician "correct [the] certification and initial changes."  During a subsequent call, Ms. Tippins was told that HMA could not give her an extension.

  At 4:46 p.m. on November 2, 2009, an employee named "Renee" from Ms. Tippins's dentist's office called HMA. Renee was told that Ms. Tippins's <u>Certification of Health Care Provider</u> did not identify a serious health condition. Renee stated that she would have the certification "completed with more definition and sent soon."

  On November 3, 2009, HMA received a duplicate of the first amended certification form, but it contained additional writing.  The Second Amended Form differed from the previous version in two respects: first, it listed treatment with an antibiotic (amoxicillin) and an analgesic (lorcet), and second, it listed an additional day's treatment on October 15, 2009.  The Second Amended Form contained completed question #3 (whether Plaintiff's health condition qualified

4

as a "Serious Health Condition") as follows: "Begin date of incapacity: **10/21/09**. Able to return to normal activities: **10/24/09**." The Second Amended Form listed an additional in-person treatment date, reading: "Provide date(s) of in-person treatment visit(s):    **10/15/09 10/21/09**." The Second Amended Form listed a regimen of continuing treatment, reading: "If a regimen of continuing treatment by the patient (under your supervision) is required, indicate by checking the appropriate box:

    *Prescription*     **X** Yes    __ No   and/or   *Physical Therapy*    __Yes   **X**  No."

Under "prescription," the form read: "amoxicillin 500 mg #30 Lorcet Plus #20." The Second Amended Form contained the following response to question #4:

> If the patient does not qualify for a 'Serious Health Condition' as described in question #3, but there is a period of incapacity, complete the following:
>
> •     Begin date of incapacity: **10-21-09**.
> •     Date patient is able to return to normal activities: **10-24-09**.
> •     What are actual/expected dates of treatment: (i.e., actual office appointment) **10-21-09.**

The Second Amended Form's response to question #3 certified that Plaintiff had a serious health condition, verified in-person treatment on "10/15/09, 10/21/09," and released the Plaintiff to return to regular daily activities on October 24, 2009. The Second Amended Form certified a regimen of continuing care.

      HMA determined that Ms. Tippins did not timely provide a completed health care provider's certification of a serious health condition and denied FMLA status.

Standard of Review

      Summary judgment is an integral part of the Federal Rules of Civil Procedure. When a district court reviews a motion for summary judgment it must determine two things: (1) whether

any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).   In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986); *Cottle v. Storer Commc'n, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). After both parties have addressed the motion for summary judgment, the court must grant the motion *if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

In the instant case, the Plaintiff and the Defendant have provided to the court a joint stipulation of material facts.  (Doc. 28, amending the original joint stipulation Doc. 17).  Where, as here, no genuine issue of material fact exists, resolution of the matter at the summary judgment stage is appropriate as a matter of law.  *See South Fla. Water Mgmt. Dist. v. Miccosukee Tribe of Indians,* 541 U.S. 95, 111 (2004).

Family Medical Leave Act

The FMLA provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition . . . ." 29 U.S.C. § 2612(a)(1)(D) (emphasis added).  A "serious health condition" includes, as relevant here, "an illness, injury, impairment, or physical or mental condition that involves . . . (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).  While the statute does not define "continuing treatment," the Department of Labor regulations provide the following relevant definitions:

> A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:

> (a) Incapacity and treatment. A period of incapacity of *more than three consecutive, full calendar days*, *and* any subsequent treatment *or* period of incapacity relating to the same condition, that also involves:
>
> (1) Treatment two or three times, within 30 days of the first day of incapacity . . . ; or
>
> (2) Treatment by a health care provider on at least one occasion, which results in a regimen of continuing treatment under the supervision of a health care provider.
>
> (3) The requirement in paragraphs (a)(1) and (2) of this section for treatment by a health care provider means an in-person visit to a health care provider. The first (or only) in-person treatment visit must take place within seven days of the first day of incapacity.

29 C.F.R. § 825.115 (emphasis added).

Application

In arguing that her absences in October 2009 qualified for FMLA treatment, Ms. Tippins in essence asserts that only three days of incapacity because of her tooth extraction plus one office visit six days earlier meets the "continuing treatment" prong of "serious medical condition." In support, Ms. Tippins cites *Russell v. North Broward Hospital*, 346 F.3d 1335 (11th Cir. 2003) for her position that "only three consecutive full days of incapacity is required to constitute a 'serious health condition' under the FMLA." Pl.'s Reply Brief Doc. 23 at 2. The *Russell* opinion, however, as well as the plain text of the Regulation upheld in *Russell* undercut Ms. Tippins's argument.

In *Russell*, the plaintiff sought to combine *partial* days of incapacity from May 31 to June 6 to satisfy the regulatory requirement of incapacity for "more than three consecutive days." 346 F.3d at 1343. The Eleventh Circuit relied on the plain language of the regulation to reject the plaintiff's position:

> The plain language of § 825.114-"a period of incapacity ... of *more than three consecutive calendar days*" . . .- points the way to resolution of this issue. A "period," in the sense relevant here, means "any specified division or portion of time." Random House Unabridged Dictionary 1440 (2d ed.1993). The specified portion of time in §

7

>825.114 is *"more than* three *consecutive* calendar days," and a "calendar day" has a simple and universally understood meaning: "[T]he period from one midnight to the following midnight." *Id.* at 296; *see also* Black's Law Dictionary 402 (7th ed. 1999) ("A *consecutive* 24-hour day running from midnight to midnight."); Webster's Third New International Dictionary 316 (1986) ("[T]he time from midnight to midnight."). A "calendar day" thus refers to a whole day, not to part of a day, and it takes some fraction more than three whole calendar days *in a row* to constitute the "period of incapacity" required under § 825.114.
>
>If we interpret § 825.114 as requiring full days of incapacity, as we do, the requirement will ensure that "serious health conditions" are in fact serious, and are ones that result in an extended period of incapacity, as Congress intended. This interpretation adds certainty to the law by reading the regulation to set forth an objective, bright-line rule defining the period of incapacity necessary to invoke the protections of the FMLA.

346 F.3d at 1343-44 (Emphasis added).  After the *Russell* decision, § 825.114 was split into two regulations, with § 825.114 covering "inpatient care" and § 825.115 covering "continuing treatment."  Consistent with the *Russell* decision, the new § 825.115 defines the qualifying period of incapacity as "more than three consecutive, full calendar days."

In seeking to add to her three days of incapacity of October 21, 22 and 23 her visit to the doctor on October 15 to meet the "more than" three days of incapacity requirement, Tippins ignores the equally important requirement that the days of incapacity be *consecutive* days.  As the Eleventh Circuit Court of Appeals has explained, "consecutive" days in this context means a continuous period of days, and the regulation language requiring "more than three *consecutive*, full calendar days" "means a *continuous* period of incapacity extending more than 72 hours." *See Russell,* 346 F.3d at 1338 (interpreting § 825.114, as explained above) (emphasis added).  Because October 15 is not consecutive to Tippins's period of incapacity beginning October 21 and ending October 23, she does not meet the incapacity requirement in § 825.115(a).  Similarly, her  "treatment" on September 28, 2009 does not allow her to meet that incapacity requirement because that date is not consecutive to the October 21-23 period of incapacity.

Therefore, she did not have a "serious health condition" within the meaning of the FMLA and, consequently, she did not qualify for FMLA benefits.

The court further notes that neither the September 28, 2009 date nor the October 15, 2009 date is *subsequent to* the October 21-23, 2009 period of incapacity; those treatment dates precede the period of incapacity as opposed to following it.

Having determined that Tippins did not qualify for FMLA benefits as a matter of law, the court finds that her Motion for Partial Summary Judgment is due to be DENIED, and the Defendant's Motion for Summary Judgment is due to be GRANTED.

Dated this 7th day of January, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE